UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X          **COMPLAINT**

S.M., mother and natural guardian of J.T. and          Case No.:
S.M. Individually,

                        Plaintiff,

          -against-

The City of New York & New York City
Department of Education,

                        Defendants.

----------------------------------------------X

## PRELIMINARY STATEMENT

1.    At all times herein mentioned, Plaintiff S.M. is the mother and natural guardian of S.M. as defined by IDEA, 20 U.S.C. § 1401 (23).

2.    At all times herein mentioned, J.T. was a child with a disability as defined by 20 U.S.C. § 1403(3)(A) also known as the IDEA.

3.    Defendant(s) classified J.T. as a child with a disability.

4.    During the relevant dates referenced herein, the plaintiffs have resided in Brooklyn, New York.

5.    The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6.    Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the

United States Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

7.   The DOE is an agency of the City of New York, a municipal entity existing by virtue of the laws of the state of New York.

8.   The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff by the order of IHO Stephanie Seto ("IHO Seto") in impartial hearing case number 229224.  The decision was issued on February 7, 2023, and the decision is final and binding on the parties as no appeal ensued.

9.   The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff in another due process action by the order of IHO Mitchell Regenbogen ("IHO Regenbogen") in impartial hearing case number 251914.  The decision was issued on March 24, 2024 and is final and binding on the parties as no appeal ensued.

10. Plaintiff prevailed in the impartial hearing proceedings in case numbers 229224 and 251914.

11. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, legal fees have not been settled to date by defendants.

12. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

13.  Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

14. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

**STATEMENT OF FACTS**

15. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2022-2023 school year on or about June 24, 2022. In the 10-day notice, the CSE was notified of the reasons for S.M.'s intent to place J.T. in a nonpublic school for the 20220-2023 school year. S.M. contended that that defendant(s) denied J.T. FAPE in failing to the CSE did not consider J.T.'s independent neuropsychological evaluation which was provided to the CSE by J.T.'s mother and should have been contained in SESIS. The CSE did not discuss J.T.'s school reports or any evaluative data in its possession. The CSE Team should have recommended executive functioning goals, did not understand J.T.'s sensory needs or develop goals to address them despite the availability of information available for their consideration. The CSE failed to consider all of J.T.'s needs in the development of the challenged IEP. The IEP recommendations were predetermined and not developed with the full range of J.T.'s special and unique needs in mind to develop a proper IEP.

16. Plaintiff brought a due process proceeding under case number 229224 due to the inadequacy of J.T.'s IEP and sought funding for J.T.'s unilateral placement for the 2022-2023 school year. The hearing request dated July 11, 2022 was transmitted to the DOE, and was later amended on August 23, 2022.

17. The hearing proceeded over several dates on 10/06/22, 11/17/22 & 11/29/22. After holding the hearing over these dates, IHO Seto determined that that the DOE denied FAPE to J.T. She also determined that J.T.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to him in the complained of school year(s). The DOE was also ordered to reimburse S.M. for tuition paid for J.T for the 2022-2023 school year. Following IHO Seto's order, the DOE did not appeal it.

18. Prior to filing a due process complaint in case number 251914, a 10-day notice of

unilateral placement was sent to the defendants' CSE on or about June 23, 20231. In the 10-day notice, the CSE was advised of S.M.'s reasons for unilaterally placing J.T. in a nonpublic school for the 2023-2024 school year. Plaintiff challenged the appropriateness of the IEP that would have been in effect at the commencement of the 2023-2024 school year and the well as the defendant(s) other substantive and procedural failures leading up to the 2023-2024 school year. The defendants did not respond to the plaintiff's 10-day notice.

19.  Although an IEP was developed on May 3, 2023, plaintiff was not in agreement with it because it was substantively and procedurally inappropriate, denied FAPE to J.T., recommended an inappropriate program, failed to consider the special and unique need of the student and the DOE offered no seat in a special education program placement to J.T. prior to the commencement of the 2023-2024 school year.

20. On July 11, 2023, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to J.T. in the 2023-2024 school year. S.M. sought tuition funding, tuition  reimbursement and transportation reimbursement. On October 30, 2023 the due process complaint was amended twice and filed with the DOE.

21. The 2023-2024 case proceeded before IHO Regenbogen under case number 251914. The hearing proceeded over six hearing dates.

22. At the time of the impartial hearing, the defendants' District Representative did not present any witnesses on Prong One case to establish that the DOE provided FAPE to J.T. for the 2023-2024 school year. The DOE also did not challenge the appropriateness of the unilateral placement at the hearing.

23.  IHO Regenbogen found that J.T. was denied FAPE in the complained of school year(s).  The parent's unilateral placement was found to be appropriate and the defendants were ordered to fully and directly fund J.T.'s attendance at the nonpublic school for the 2023-2024

school year, reimburse plaintiff for monies expended on tuition for R.S.'s attendance at the

nonpublic school and reimburse S.T. for transportation costs.  The order was not appealed by

defendant(s).

24.   The plaintiff has exhausted all necessary administrative remedies prior to bringing

this action for attorney's fees in each of the above-mentioned due process proceedings.

25.   The plaintiff is a prevailing party in the underlying due process proceedings pursuant

to 20 U.S.C. §1415(i)(3)(B).  Plaintiff obtained favorable results in each of the underlying due

process proceedings that were not occasioned by the defendant City's or DOE's voluntary

change of conduct, but rather, was based on the determinations made in the impartial hearing

decision by the assigned IHOs.

26.   As plaintiff is a prevailing party in the underlying due process proceedings which are

the subject of the instant litigation, legal fees should be awarded.

### AS AND FOR A FIRST CAUSE OF ACTION: ATTORNEYS FEES IN 229224

27.   Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1")

through twenty-six ("26") as if fully set forth herein.

28.   As set forth herein, Plaintiff is a prevailing party in the underlying due process

proceeding under case number 229224.

29.   The relief sought and ultimately obtained in the hearing under case number 229224

were substantial for Plaintiff.

30.   As set forth herein, Plaintiff is a prevailing party in the underlying due process

proceeding under case number 229224.

31.   The relief sought and ultimately obtained in the hearing under case number 229224

was substantial for Plaintiff.

32.   The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is

reasonable.

33.   Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 229224 and this action.

34.   Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 229224 and this action.

## AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEYS FEES IN 251914

35.   Plaintiff reasserts and realleges the allegations contained paragraphs one ("1") through thirty-five ("35") as if fully set forth herein.

36.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 251914.

37.   The relief sought and ultimately obtained in the hearing under case number 251914 were substantial for Plaintiff.

38.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 251914.

39.   The relief sought and ultimately obtained in the hearing decision under case number 251914 was substantial for Plaintiff.

40.   The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

41.   Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 251914 and this action.

## REQUESTS FOR RELIEF

42.   Plaintiff requests that an Order be issued awarding attorneys fees as a prevailing

party in underlying due process proceedings in case number 229223 and 251914. Plaintiff also

seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action

pursuant to 20 U.S.C. 1415(i)(2)(A) and 20 USC 1415(i)(3)(B).


Dated: Brooklyn, New York
        January 26, 2026


                        *Erika L. Hartley, Esq.*
                        Erika L. Hartley, Esq.
                        (Electronically signed)
                        LAW OFFICE OF ERIKA L. HARTLEY
                        Attorney for Plaintiffs
                        S.M.. as m/n/g of J.T.
                        238 Covert Street, Suite 2
                        Brooklyn, New York  11207
                        O: (929) 502-6495
                        erika.hartley@hartleylawgrp.net


To:     MURIEL GOODE-TRUFANT, ESQ.
        Corporation Counsel of the City of New York
        Attorneys for Defendants
        THE CITY OF NEW YORK & NEW YORK
        CITY DEPARTMENT OF EDUCATION
        100 Church Street
        New York, New York  10007

        MURIEL GOODE-TRUFANT, ESQ.
        Corporation Counsel of the City of New York
        Attorneys for Defendants
        NEW YORK CITY DEPARTMENT OF EDUCATION
        100 Church Street
        New York, New York  10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
------------------------------------------------------------------------------------------------------------------X


S.M. as mother and natural guardian of J.T. and S.M. Individually,


                                                        Plaintiffs,


              -against-




The City of New York & New York City Department of Education,


                                                        Defendants.


------------------------------------------------------------------------------------------------------------------X


                                    **COMPLAINT**


------------------------------------------------------------------------------------------------------------------X




                        **LAW OFFICE OF ERIKA L. HARTLEY**
                              Attorneys for Plaintiffs
                    S.T. as mother and natural guardian of J.T. et al.
                              238 Covert Street, Suite 2
                              Brooklyn, New York 11207
                    Office (929) 503-6495, Fax (718) 260-6485